UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHAWN YOUNG,

        Plaintiff,

vs.

        Case No. 16-CV-14040
        HON. GEORGE CARAM STEEH

HIRSHBERG ACCEPTANCE CORP.,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF IN FORMA PAUPERIS
STATUS AND DISMISSING CASE PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(i)**

Plaintiff LaShawn Young, proceeding pro se, has filed suit against Hirshberg Acceptance Corp. ("Hirshberg"). Based upon the information in the Application to Proceed Without Prepaying Fees or Costs, the court grants plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915. For the reasons that follow, however, the court dismisses plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's complaint is based upon the allegation that Hirshberg violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* in various unspecified ways, and that Hirshberg violated

- 1 -

plaintiff's due process rights by filing suit in the wrong venue.

Plaintiff attaches the first page of the register of actions from a lawsuit filed by Hirshberg against him in the 36th District Court in Wayne County, Michigan. The lawsuit was filed on April 19, 2001, personally served on plaintiff on June 2, 2001, and default was issued and judgment entered against plaintiff on August 8, 2001. Plaintiff's argument that the lawsuit was filed in the wrong venue in violation of his due process rights is brought too late. MCR 2.221(A) provides that a motion for change of venue must be filed before or at the time the defendant files an answer. Significantly, an objection to venue is waived if it is not raised within the time limits imposed by this rule. MCR 2.221(C). A late motion for a change of venue may be filed after the answer if the state court is satisfied that the facts upon which the motion is based were not known by the moving party more than 14 days before the motion was filed. MCR 2.221(B). In this case, plaintiff did not file a motion to change venue, let alone an answer to the lawsuit, and a default was taken against him. Any objection plaintiff might have had to venue fifteen years ago has been waived. The court therefore finds that plaintiff's due process claim is frivolous.

Plaintiff lists the Fair Debt Collection Practices Act as a basis of

federal question jurisdiction, along with the phrases: "communication with third parties; False or misleading representations; Validation of Debts". Under the section of his complaint titled "Statement of Claim", plaintiff simply states, "Defendant . . . blatantly violat[ed] various FDCPA laws, in an effort to collect an alleged debt . . . ." The FDCPA contains a one year statute of limitations which requires a claim to be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute begins to run at the moment the alleged violation occurs, without regard to when the plaintiff gained knowledge of the cause of action. *See In re Rice–Etherly,* 336 B.R. 308, 313 (Bankr.E.D.Mich.2006) ("The statute of limitations [in the FDCPA] is a jurisdictional limitation placed on federal courts by Congress which courts are not at liberty to disregard.")

The plaintiff does not give any specifics underlying his FDCPA claim, other than to allege that the defendant violated the act, and referring generally to communications with third parties and false or misleading representations. Since all of the events referred to in the complaint occurred in 2001 or earlier, the statute of limitations would have run long before this complaint was filed. For these reasons, the court finds that plaintiff's FDCPA claim is also frivolous.

IT IS HEREBY ORDERED that plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

So ordered.

Dated: November 30, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 30, 2016, by electronic and/or ordinary mail and also on LaShawn Young, 20687 Kensington Court, Apt. 206, Southfield, MI 48076.

s/Barbara Radke
Deputy Clerk

---